United States District Court
Southern District of Texas

**ENTERED**

February 10, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRISCILLA WHEELER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-0874 |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| AS TRUSTEE FOR STRUCTURED | § | |
| ASSET SECURITIES CORPORATION | § | |
| MORTGAGE PASS-THROUGH | § | |
| CERTIFICATES, SERIES 2006-NC1, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Priscilla Wheeler ("Plaintiff" or "Wheeler") sued U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-NC1 ("Defendant" or "U.S. Bank")[1] in the 269th Judicial District Court of Harris County, Texas.[2] U.S. Bank removed the case to this court.[3] Pending before the court are U.S. Bank's

───────────────

[1] Wells Fargo services the loan. See infra note 9. This opinion refers to U.S. Bank National Association, Wells Fargo, and counsel for these parties as "Defendant" or "U.S. Bank" when the actor's identity is immaterial.

[2] See Original Petition and Request for Disclosures ("Petition"), Exhibit B1 to Notice of Removal, Docket Entry No. 1-2.

[3] See Notice of Removal, Docket Entry No. 1.

Motion for Summary Judgment (Docket Entry No. 31) ("Defendant's Motion") and Plaintiff's Cross Motion for Summary Judgment and Response to Defendant's Motion for Summary Judgment (Docket Entry No. 34) ("Plaintiff's Motion").[4]  For the reasons stated below, Defendant's Motion will be granted, Plaintiff's Motion will be denied, and this action will be dismissed with prejudice.

## I.  Background

In November of 2005, Wheeler executed a Texas Home Equity Fixed/Adjustable Rate Note (the "Note") and a Texas Home Equity Security Instrument (the "Deed of Trust") (together, the "Loan"), in favor of Home123 Corporation, the original lender.[5]  The property securing the Loan is her homestead located in Houston, Texas, in Harris County (the "Property").[6]  Home123 Corporation later assigned the Note and Deed of Trust to U.S. Bank.[7]  The Note

---

[4]Docket Entries 34 and 35 are identical, so references are to Docket Entry No. 34.

[5]See Note, Exhibit F to Defendant's Motion, Docket Entry No. 31-2, pp. 32-38; Deed of Trust, Exhibit G to Defendant's Motion, Docket Entry No. 31-2, pp. 40-65.  See Affidavit of Alisha Mulder, a Vice President of Loan Documentation for Wells Fargo, N.A. d/b/a/ America's Servicing Company ("Mulder Affidavit"), Exhibit C to Defendant's Motion, Docket Entry No. 31-1, p. 18.

[6]Lot 56, in Block 5, of Hawthorne Place, Section 1, an addition in Harris County, Texas (commonly referred to as 513 East Sunnyside, Houston, Texas, 77076).  See Deed of Trust, Exhibit G to Defendant's Motion, Docket Entry No. 31-2, p. 42; Affidavit of Priscilla Wheeler, Exhibit 9 to Plaintiff's Motion, Docket Entry No. 34-10, p. 2 ¶ 2.

[7]See Assignment of Note and Deed of Trust, Exhibit I to
(continued...)

contains an acceleration clause, which allows the lender to accelerate the entire amount of remaining debt in the event of uncured default, provided that the lender gives proper notice.[8]

Wheeler defaulted on her payment obligations, and U.S. Bank sent default notices to the Property in May, September, November, and December of 2007.[9]   Wheeler failed to cure the default, and U.S. Bank sent her a notice of acceleration on October 15, 2008, through its foreclosure counsel.[10]   In January of 2009, U.S. Bank filed a Rule 736 application for expedited (non-judicial) foreclosure.[11]   See Tex. R. Civ. P. 736.1.   In February of 2009, Wheeler sent a letter to U.S. Bank asking it to modify her mortgage

---

[7](...continued)
Defendant's Motion, Docket Entry No. 31-2, p. 95.

[8]See Note, Exhibit F to Defendant's Motion, Docket Entry No. 31-2, p. 34 ¶ 7(c).   The Deed of Trust also allows the lender to accelerate the debt if the borrower transfers any legal or beneficial ownership in the Property.   See Exhibit G to Defendant's Motion, Docket Entry No. 31-2, p. 50 ¶ 17.

[9]May 21, 2007, Notice of Default, September 10, 2007, Notice of Default, November 12, 2007, Notice of Default, December 31, 2007, Notice of Default ("2007 Default Notices"), Exhibit 1 to Plaintiff's Motion, Docket Entry No. 34-2.   Wells Fargo Bank, N.A., doing business as America's Servicing Co., sent the notices in its capacity as loan servicer.   See Mulder Affidavit, Exhibit C to Defendant's Motion, Docket Entry No. 31-1, p. 18.

[10]See Notice of Acceleration from Brice, Vander Linden & Wernick, P.C. to Priscilla Wheeler, Exhibit 2 to Plaintiff's Motion, Docket Entry No. 34-3.

[11]In re: Order for Foreclosure Concerning 513 East Sunnyside Street, Cause No. 2009-04308, 152nd Judicial District, Harris County Foreclosure Application.   Wheeler provides this citation but has not provided a copy of the application.

-3-

payments rather than foreclosing.[12]   In May of 2009, U.S. Bank obtained an order authorizing it to serve a notice of sale on Wheeler and then to proceed with foreclosure on the Property.[13] U.S. Bank did not go through with a foreclosure sale.

On December 3, 2009, U.S. Bank sent Wheeler another notice of acceleration.[14]   In January of 2010, U.S. Bank filed another Rule 736 application for expedited foreclosure.[15]   In June of 2010, U.S. Bank obtained another order allowing it to foreclose on the Property.[16]   Wheeler filed for bankruptcy in October of 2010.[17]   U.S. Bank subsequently accepted several payments towards the balance of

---

[12]See February 10, 2009, Letter from Priscilla Wheeler Re: Loan # [redacted], Exhibit K to Defendant's Motion, Docket Entry No. 31-2, p. 101.

[13]See Order Allowing Foreclosure in Cause No. 2009-04308 in the 152nd Judicial District of Harris County, Texas, dated May 1, 2009, Exhibit 3 to Plaintiff's Motion, Docket Entry No. 34-4.

[14]See December 3, 2009, Notice of Acceleration, Exhibit 4 to Plaintiff's Motion, Docket Entry No. 34-5.   The summary judgment record does not include a preceding notice of default and intent to accelerate, aside from the 2007 Default Notices.   See Exhibit 1 to Plaintiff's Motion, Docket Entry No. 34-2.

[15]See In Re: Order for Foreclosure Concerning 513 East Sunnyside Street, Cause No. 2010-02009, 234th Judicial District, Harris County Foreclosure Application.   Wheeler did not attach a copy of the application.

[16]See Order Allowing Foreclosure in Cause No. 2010-02009 in the 152nd Judicial District of Harris County, Texas, dated June 25, 2010, Exhibit 5 to Plaintiff's Motion, Docket Entry No. 34-6.

[17]See In re: Priscilla Marie Wheeler, Cause No. 10-38795 (Bankr. S.D. Tex. Oct. 4, 2010).

the Loan.[18]   Wheeler asserts that these payments were made by the bankruptcy trustee during the automatic stay period.[19]

The bankruptcy court dismissed Wheeler's bankruptcy in June of 2011.[20]  U.S. Bank sent Wheeler another notice of default and intent to accelerate in July of 2011.[21]  On October 3, 2011, U.S. Bank sent the last notice of acceleration that preceded this litigation.[22] U.S. Bank filed a third Rule 736 application for expedited foreclosure in April of 2013.[23]   Wheeler brought this action on

---

[18]The parties submitted two different loan payment histories. U.S. Bank alleges that Wheeler has not made any payments since May 4, 2011.  See Defendant's Motion, Docket Entry No. 31, p. 6 (listing payments made on December 7, 2010, February 3, 2011, and May 4, 2011).  U.S. Bank provided an excerpt of fifteen pages of loan documents with no labels or pincites.  See Loan History, Exhibit D to Defendant's Motion, Docket Entry No. 31-2, pp. 2–16. Wheeler provided a "Customer Account Activity Statement" from America's Servicing Company.  See Exhibit 6 to Plaintiff's Motion, Docket Entry No. 34-7, p. 7.  This document shows payments received on the dates listed in Defendant's Motion and an additional payment on June 7, 2011.

[19]See Plaintiff's Motion, Docket Entry No. 34, p. 4 ¶ 13.

[20]See Order Dismissing Case and Establishing Deadline for Filing Administrative Claims, June 13, 2011, Bankr. Docket Entry No. 50, In re: Priscilla Marie Wheeler, Cause No. 10-38795 (Bankr. S.D. Tex. Oct. 4, 2010).

[21]See Notice of Default and Intention to Accelerate dated July 12, 2011 ("2011 Notice of Default"), Exhibit A to Defendant's Motion, Docket Entry No. 31-1, p. 2.

[22]See Notice of Acceleration ("2011 Notice of Acceleration"), Exhibit B to Defendant's Motion, Docket Entry No. 31-1, p. 8; Affidavit of Michael Burns, Exhibit E to Defendant's Motion, Docket Entry No. 32-2, pp. 18–19.

[23]See In re: Order for Foreclosure Concerning 513 East Sunnyside Street, Cause No. 2013-23466, 295th Judicial District, Harris County Foreclosure Application.  Wheeler did not attach a copy of the application.

February 26, 2014.[24]  After removal, U.S. Bank filed a counterclaim seeking a judgment for judicial foreclosure, and, in the alternative, a court order authorizing non-judicial foreclosure.[25] Wheeler filed an answer and an amended complaint.[26]  Wheeler seeks to remove a cloud on the Property and to quiet title in her name, and asks the court to issue a declaratory judgment that U.S. Bank is barred from foreclosing by the four-year statute of limitations in Texas Civil Practice and Remedies Code § 16.035.[27]

## II.  <u>Standard of Review</u>

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2510

---

[24]<u>See</u> Petition, Exhibit B-1 to Notice of Removal, Docket Entry No. 1-2, p. 13.  Tex. R. Civ. P. 736.11(a) provides that "[a] proceeding or order under this rule is automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed . . . ."  Therefore, the April 2013 foreclosure application was automatically stayed.

[25]<u>See</u> Defendant's Original Counterclaim, Docket Entry No. 12, p. 4 ¶¶ 8-11.

[26]<u>See</u> Plaintiff's Answer to Defendant's Original Counterclaim ("Plaintiff's Answer"), Docket Entry No. 13; Plaintiff's First Amended Complaint ("Amended Complaint"), Docket Entry No. 20.

[27]<u>See</u> Amended Complaint, Docket Entry No. 20, pp. 3-5 ¶¶ 16-26.

(1986).  The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553).  "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."  Id.  If, however, the moving party meets this burden, "the nonmovant must go beyond the pleadings" and produce evidence of specific facts demonstrating there is a genuine issue for trial.  Id. (citing Celotex, 106 S. Ct. at 2553-54).  The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

"In order to avoid summary judgment, the nonmovant must identify specific facts within the record that demonstrate the existence of a genuine issue of material fact."  CQ, Inc. v. TXU Min. Co., L.P., 565 F.3d 268, 273 (5th Cir. 2009).  "The party must also articulate the precise manner in which the submitted or identified evidence supports his or her claim."  Id.  (internal quotation marks and citation omitted).  "When evidence exists in the summary judgment record but the nonmovant fails even to refer

to it in the response to the motion for summary judgment, that evidence is not properly before the district court." Id. (same).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2110 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

## III.   Analysis

Wheeler's Motion focuses on her claim that U.S. Bank is barred from foreclosing because the statute of limitations has expired, while U.S. Bank argues that the statute of limitations ceased to run because it abandoned earlier accelerations.   Wheeler also briefly argues that there is a fact issue as to her affirmative defense: that the lien is invalid because U.S. Bank failed to comply with the requirements of the Texas Constitution.[28]   This argument will be addressed first.

## A.   Validity of the Mortgage

Wheeler's second affirmative defense alleges that the lien is invalid for failure to comply with Texas Constitution Article XVI,

---

[28]See Plaintiff's Motion, Docket Entry No. 34, p. 13 ¶¶ 46–48; Plaintiff's Answer, Docket Entry No. 13, p. 3.

-8-

§ 50(a)(6)(Q)(v) because Wheeler "was not provided with a copy of all executed documents signed by her at closing."[29]  See Tex. Const. art. XVI § 50(a)(6) ("The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for . . . an extension of credit that [is made on certain enumerated conditions.]").  U.S. Bank responds that even if there were constitutional infirmities at origination, the four-year statute of limitations has since expired and the lien is now valid as a matter of law.[30]

The Fifth Circuit recently addressed the statute of limitations under the Texas Constitution Article XVI, § 50(a)(6). See Priester v. JP Morgan Chase Bank, N.A., 708 F.3d 667 (5th Cir. 2013).  In Priester, the plaintiffs alleged that defendants violated two provisions of Texas Constitution Article XVI: § 50(a)(6)(M)(I) and § 50(a)(6)(N).  Id. at 671.  The defendants argued that the plaintiffs' claims were barred by limitations, even though there is no express limitations period for claims under § 50(a)(6).  Id. at 672.  The Fifth Circuit concluded that the

---

[29] See Plaintiff's Motion, Docket Entry No. 34, p. 13 ¶¶ 46-48; Plaintiff's Answer, Docket Entry No. 13, p. 3 ("All conditions precedent have not been performed nor occurred.  Specifically, Defendant failed to comply with all requirements of Texas Constitution Article XVI, §§ 50(a)(6)(M)(I) & 50(a)(6)(Q)(v).").

[30] See Defendant's Response to Plaintiff's Cross-Motion for Summary Judgment and Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment ("Defendant's Response"), Docket Entry No. 36, pp. 2-4.

residual statute of limitations in Texas Civil Practice and
Remedies Code § 16.051 "applies to constitutional infirmities under
§ 50(a)(6)." Id. at 673-74.[31] The "discovery rule" does not apply,
and limitations begins to run when the parties create the lien.
Id. at 675-76.

Under this authority, Wheeler had four years from November 17,
2005, in which to challenge the validity of U.S. Bank's lien based
on failure to comply with Tex. Const. art. XVI, § 50(a)(6).
Wheeler's first challenge came in October of 2014, nearly ten years
later,[32] and is barred by limitations.[33]

_____

[31]The Fifth Circuit noted that, although the Texas Supreme
Court has not addressed the issue, the two Texas courts of appeals
that have addressed the issue found that the residual statute
applies. Id. (citing Rivera v. Countrywide Home Loans, Inc., 262
S.W.3d 834, 839 (Tex. App.—Dallas 2008, no pet.), and Schanzle v.
JPMC Specialty Mortg. LLC, No. 03-09-00639-CV, 2011 WL 832170, at
*4 (Tex. App.—Austin Mar. 11, 2011, no pet.)). The court also
noted that Doody v. Ameriquest Mortgage Co., 49 S.W.3d 342 (Tex.
2001), suggests that "the Texas Supreme Court considers liens
created in violation of Section 50(a)(6) to be voidable rather than
void . . . ." Id. See also Priester, 708 F.3d at 674 ("In Boutari
v. JP Morgan Chase Bank N.A., 429 F. App'x 407 (5th Cir. 2011) (per
curiam), however, we affirmed a judgment that limitations applies
to claims under Section 50(a)(6). In a two-sentence opinion, we
said that we had 'determined that the judgment of the district
court should be affirmed for essentially the reasons set forth by
the district court.' Id. The opinion we affirmed had applied the
four-year statute of limitations. See Boutari v. JP Morgan Chase
Bank, N.A., 2010 U.S. Dist. LEXIS 144094 (W.D. Tex. June 10,
2010).").

[32]See Plaintiff's Answer, Docket Entry No. 13, p. 3.

[33]See also Jones v. The Bank of New York Mellon, No. H-13-2414,
2015 WL 300495 (S.D. Tex. Jan. 22, 2015). The plaintiff claimed
multiple constitutional violations under art. XVI, § 50(a)(6),
(continued...)

**B.    Abandonment**

When a mortgage or deed of trust containing a power of sale creates a lien on real property, Texas law requires that the lender foreclose no later than four years after the day the cause of action accrues. See Tex. Civ. Prac. & Rem. Code Ann. § 16.035; Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 567 (Tex. 2001). Once the four-year limitations period expires, the real-property lien and the power of sale to enforce the lien become void. Holy Cross, at 567; (citing Tex. Civ. Prac. & Rem. Code § 16.035(d)). The borrower's default does not automatically trigger the limitations period where acceleration is optional at the election of the note holder. Holy Cross, 44 S.W.3d at 566. The foreclosure cause of action accrues only when the holder actually exercises its acceleration option. Id.; Khan v. GBAK Properties, Inc., 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("If a note secured by a real property lien is accelerated pursuant to the terms of the note, then the date of accrual becomes the date the note was accelerated."). "Effective acceleration

---

[33] (...continued)
including that he did not receive final copies of the loan documents as required by § 50(a)(6)(Q)(v). Id. at *3. The court held that Texas's residual four-year statute of limitations applied. Id. at *4-5. "Priester controls and binds this Court to conclude that even if the lien were defective (and the Court concludes it was not) when Jones' mortgage was created on June 4, 2003, it became valid as a matter of law when the four-year statute of limitations expired on June 4, 2007 and that [the bank] has the right to foreclose on the Property." Id. at *6-7.

requires two acts: (1) notice of intent to accelerate and (2) notice of acceleration." Holy Cross, 44 S.W.3d at 566. "Both notices must be 'clear and unequivocal.'" Id.

Under Texas law the parties can abandon acceleration by agreement or actions. Khan, 371 S.W.3d at 356; Clawson v. GMAC Mortgage, LLC, No. 3:12-CV-00212, 2013 WL 1948128, at *3 (S.D. Tex. May 9, 2013). A lender can unilaterally abandon an acceleration. Leonard v. Ocwen Loan Servicing, L.L.C., 616 F. App'x 677, 680 (5th Cir. 2015) ("Leonard II"); Clawson, 2013 WL 1948128, at *4. For example, "[e]ven when a noteholder has accelerated a note upon default, the holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." Holy Cross, 44 S.W.3d at 566-67; see also Rivera v. Bank of America, N.A., 607 F. App'x 358, 360-61 (5th Cir. 2015). Statements by either party about the loan's acceleration status can also be "other actions" considered by courts to determine abandonment. In re Rosas, 520 B.R. 534, 539 (Bankr. W.D. Tex. 2014) (citing Khan, 371 S.W.3d at 355).

Filing a unilateral notice of rescission will constitute abandonment. Id. However, because parties may abandon acceleration through their actions alone, there is no requirement in Texas that any agreement to abandon acceleration must be in writing or that it is subject to the Statute of Frauds. Biedryck v. U.S. Bank National Association, No. 01-14-00017-CV, 2015 WL

2228447, at *5 (Tex. App.—Houston [1st Dist.] May 12, 2015, no
pet.); In re Rosas, 520 B.R. at 539 (citing Khan, 371 S.W.3d at
356).  Sending account statements requesting less than the full
balance of the accelerated loan can constitute abandonment.
Leonard II, 616 F. App'x at 680.  A lender may also abandon
acceleration by sending new default notices and notices of intent
to accelerate.  See Leonard v. Ocwen Loan Servicing, Inc., 2014 WL
4161769, at *4-5 (S.D. Tex. Aug. 19, 2014) ("Leonard I"), aff'd,
Leonard II, 616 F. App'x 677; Boren v. U.S. Bank National
Association, No. H-13-2160, 2014 WL 5486100, at *1-2 (S.D. Tex.
Oct. 29, 2014) ("Boren I"), aff'd, 807 F.3d 99 (5th Cir. 2015)
("Boren II").  Abandonment "resets" the statute of limitations for
the foreclosure cause of action.  See Leonard I, 2014 WL 4161769,
at *4 (citing Khan, 371 S.W.3d at 353, and Clawson, 2013 WL
1948128, at *3) (Once "a noteholder abandons acceleration, he no
longer must foreclose within four years from the date of
acceleration.").  Abandonment restores the loan to its original
maturity date.  See id.

    Wheeler argues that "the clock on Defendant's right to bring
suit or make a sale [as required by Tex. Civ. Prac. & Rem. Code §
16.035] began ticking on October 15, 2008," when Defendant
unequivocally accelerated the Loan.[34]  Texas Civil Practice and
Remedies Code § 16.035 states (in part):

---

    [34]See Plaintiff's Motion, Docket Entry No. 34, p. 7 ¶¶ 25-27.

> (a) A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues.

> (b) A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues.

Wheeler argues that U.S. Bank's power to foreclose on the Property expired on October 15, 2012, because U.S. Bank never abandoned the 2008 Acceleration.[35] Wheeler advances the same argument regarding the "purported 2009 Acceleration."[36] U.S. Bank argues that the parties' conduct establishes abandonment of the 2008 Acceleration.[37] Specifically, U.S. Bank: (1) accepted payments from Plaintiff; (2) demanded less than the fully matured and accelerated balance of the Mortgage; and (3) re-accelerated the Mortgage.[38]

The summary judgment evidence shows that after the 2008 Acceleration, U.S. Bank accepted payments that were less than the full amount due on the Note without exacting remedies available to

---

[35] See id. at 7-12 ¶¶ 27-40. Wheeler argues that Rule 736 applications are not "suits to foreclose" because they are non-judicial proceedings. Id. at ¶¶ 29-30. U.S. Bank does not argue that it filed suit to foreclose within four years of October 15, 2008, but that it abandoned the acceleration by subsequent conduct. See Defendant's Motion, Docket Entry No. 31, p. 10; Defendant's Response, Docket Entry No. 36, pp. 1-2.

[36] See Plaintiff's Motion, Docket Entry No. 34, pp. 12-13 ¶¶ 41-45. The discussion regarding abandonment, infra, applies equally to this "purported 2009 acceleration."

[37] See Defendant's Motion, Docket Entry No. 31, p. 10.

[38] See id. at 2-3.

-14-

it upon declared maturity.[39]   This demonstrates abandonment.   <u>See</u>
<u>Holy Cross</u>, 44 S.W.3d at 566; <u>Rivera</u>, 607 F. App'x at 360-61;
<u>Snowden</u>, No. H-14-2963, 2015 WL 5123436, at *2-3 (S.D. Tex. Aug.
31, 2015); <u>Clawson</u>, 2013 WL 1948128, at *3-4.   U.S. Bank's
subsequent communications with Wheeler are further evidence of
abandonment.   The 2011 Default Notice demands that Wheeler cure her
default.[40]   It demands less than the entire accelerated balance of
the Note, indicating that U.S. Bank was no longer seeking to
collect the full amount due on the Note.[41]   When Wheeler failed to
cure the default, U.S. Bank sent the 2011 Notice of Acceleration,
demanding the full amount due on the Note and re-accelerating the
Loan.[42]   <u>See</u> <u>Cline v. Deutsche Bank National Trust Co.</u>, 3:14-CV-
1565-D, 2015 WL 4041791, at *5 (N.D. Tex. July 2, 2015)
(acceleration can be abandoned by "seeking less than the full
accelerated amount and mailing new notice-of-intent-to-accelerate

---

[39]<u>See</u> Loan History, Exhibit D to Defendant's Motion, Docket
Entry No. 31-2, pp. 2-16; Customer Account Activity Statement,
Exhibit 6 to Plaintiff's Motion, Docket Entry No. 34-7.

[40]<u>See</u> 2011 Notice of Default, Exhibit A to Defendant's Motion,
Docket Entry No. 31-1, p. 2 ("If the default is not cured by such
payment within thirty (30) days of the date of this notice, without
further notice or demand, the maturity date of the Note will be
accelerated and all sums secured by the Deed of Trust will be
declared to be immediately due and payable.").

[41]<u>See</u> <u>id.</u> ("[T]he amount required to cure the default is
$49,224,32.").

[42]2011 *Notice of Acceleration*, Exhibit B to Defendant's Motion,
Docket Entry No. 31-1, p. 8.

letters."); see also Leonard I, 2014 WL 4161769, at *4-5; Boren I, 2014 WL 5486100, at *1-2.  U.S. Bank thus abandoned the 2008 Acceleration by its subsequent actions.

Citing Thompson v. Chrysler First Business Credit Corp., 840 S.W.2d 25 (Tex. App.—Dallas 1992, no writ), Wheeler argues that the payments were made by the bankruptcy trustee, and that "[p]ayments accepted in bankruptcy pursuant to compliance with the automatic stay do not equate to waiver of abandonment."[43]  The Thompson defendant accelerated the plaintiff's loan after the plaintiff defaulted, and the plaintiff filed bankruptcy to prevent foreclosure by defendant.  Id. at 27.  In the subsequent suit, the plaintiff argued that because the defendant accepted payments pursuant to an adequate protection agreement during bankruptcy, it "waived the acceleration and created a duty to re-demand and re-accelerate" before foreclosing.  Id. at 30.  In Hardy v. Wells Fargo Bank, N.A., 01-12-00945-CV, 2014 WL 7473762, at *5 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, no pet.), the court discussed Thompson's holding:

> Thompson stands for the proposition that when a federal bankruptcy court issues an order of adequate protection pursuant to which the parties enter into a repayment agreement, and the lender accepts payments made pursuant thereto, such payments do not establish that the lender abandoned the acceleration of the Note for purposes of

---

[43]See Plaintiff's Motion, Docket Entry No. 34, p. 11 ¶ 35. Presumably Wheeler intended to say "waiver of acceleration," or this statement bolsters U.S. Banks's position.

summary judgment.  Thompson, 840 S.W.2d at 30-31G; see also Khan, 371 S.W.3d at 354 (discussing Thompson).

Wheeler has not pointed to any evidence in the summary judgment record that the bankruptcy trustee made these payments or that they were made pursuant to an "adequate protection" agreement.[44]  "[I]t is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue."  See Stewart v. U.S. Bank National Association, 107 F. Supp. 3d 705, 707-08 (S. D. Tex. 2015) (citing Topalian v. Ehrman, 954 F.2d 1125, 1137 n. 30 (5th Cir. 1992)).  U.S. Bank also sent another default notice and notice of intent to accelerate after the bankruptcy court dismissed Wheeler's bankruptcy action.[45]  These actions show that U.S. Bank abandoned the 2008 Acceleration.  See Boren II, 807 F.3d at 104-06.

Wheeler also argues that U.S. Bank "should have vacated both orders [granting its request for non-judicial foreclosure under Tex. R. Civ. P. 736] if in fact it did intend to abandon the prior acceleration(s) of the loan and indicate to Plaintiff that the default was obviated and the contract restored to its original

---

[44]The Customer Account Activity Statement does not say who made the payments.  See Exhibit 6 to Plaintiff's Motion, Docket Entry No. 34-7.  In fact, there is a column for "Debtor Funds Received" and a column for "Trustee Funds Received."  The payments referred to are all in the "Debtor Funds Received" column.

[45]See Order Dismissing Case and Establishing Deadline for Filing Administrative Claims, supra note 20.

condition . . . ."[46]   However, Rule 736 is merely a procedural
device used to obtain authorization to proceed with the remedy of
foreclosure.  Biedryck, 2015 WL 2228447, at *5.  In Snowden, 2015
WL 5123436, at *3, the court rejected a similar argument.  The
plaintiff argued that because the defendants obtained an "Order
Allowing Foreclosure under Texas Rule of Civil Procedure 736," the
defendants could not abandon the acceleration.  Id.  The plaintiff
characterized the  defendant's actions in obtaining the order as
"remedies that could only have been 'exacted' upon maturity of the
loan."  Id.  The court found that this argument had been rejected
by the Houston First Court of Appeals.  Id. (citing Biedryck, 2015
WL 2228447, at *5).  "A lender may abandon acceleration even after
obtaining an order allowing for foreclosure by, for example,
accepting payments or entering into a loan modification agreement
with the borrower."  Id.  See also Deutsche Bank National Trust Co.
v. Ra Surasak Ketmayura, No. A-14-CV-00931-LY-ML, 2015 WL 3899050,
at *7 (W.D. Tex. June 11, 2015) (citing Biedryck, 2015 WL 2228447).
Therefore, U.S. Bank was not required to ask the court to vacate
its Rule 736 orders in order to abandon acceleration.

Texas Civil Practice and Remedies Code § 16.035 gives the
lienholder four years after the cause of action accrues to: (1)
bring suit or foreclose on its real property lien; and (2) sell the

---

[46]See Plaintiff's Motion, Docket Entry No. 34, p. 12 ¶ 38; pp.
11-12 ¶¶ 36-40.

property under its power of sale.  Wheeler argues that the power of sale pursuant to any of the purported accelerations has expired because U.S. Bank has not brought suit and sold the Property.[47] Wheeler brought this action on February 26, 2014, thereby staying Defendant's pending Rule 736 application for non-judicial foreclosure.[48]  See Tex. R. Civ. Proc. 736.11(a).  Wheeler argues that a Rule 736 application for expedited foreclosure is a non-judicial proceeding, and does not satisfy the first requirement of "bringing suit."[49]  However, U.S. Bank satisfied this requirement by filing a counterclaim for judicial foreclosure on October 2, 2014.  It filed the counterclaim within the four-year statute of limitations, which began running after the 2011 Acceleration.[50]  See Boren II, 807 F.3d at 103-04.  The statute of limitations for U.S. Bank to exercise its rights has therefore not expired.[51]

---

[47]See id. at 9-10 ¶¶ 30-32; 12-13 ¶¶ 41-43.

[48]See Petition, Exhibit B-1 to Notice of Removal, Docket Entry No. 1-2, p. 13.

[49]See Plaintiff's Motion, Docket Entry No. 34, p. 8 ¶ 29.

[50]See Defendant's Original Counterclaim, Docket Entry No. 12.

[51]Wheeler also argues that the power of sale has expired even based on the 2011 Acceleration because U.S. Bank did not sell the Property by October 3, 2015.  See Plaintiff's Motion, Docket Entry No. 34, p. 13 ¶ 43 (citing Tex. Civ. Prac. & Rem. Code § 16.035(b)).  U.S. Bank needs a court order to sell the Property, and this action stayed its Rule 736 applications and orders and prevented it from exercising its power of sale.  See Tex. Const. art. XVI, § 50(a)(6)(D) (a home equity loan may be foreclosed upon only by court order).  "[A]s a general rule, where a person is
(continued...)

## C.   Judicial Foreclosure

To foreclose under a security instrument with a power of sale, Texas law requires the lender to demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. XVI, § 50(a)(6) of the Texas Constitution; (3) plaintiff is in default under the note and security instrument; and (4) plaintiff received notice of default and acceleration.  See Huston v. U.S. Bank National Association, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x 306 (Mem) (5th Cir. 2014), cert. denied, 135 S. Ct. 1718 (2015); Tex. Prop. Code Ann. § 51.002.  Based on the summary judgment record, as discussed in Section I, supra, the court concludes that these elements have been satisfied and that summary judgment is appropriate for U.S. Bank on its counterclaim for judicial foreclosure.[52]

### IV.   Conclusions and Order

For the reasons explained above, summary judgment for U.S. Bank is appropriate because there is no genuine issue of material

---

[51](...continued)
prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right."  Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir. 1992); cf. Ketmayura, 2015 WL 3899050, at *8-9 (finding that "a suit for an injunction against nonjudicial foreclosure does not toll the statute of limitations, because it is no impediment to the lender's ability to sue on the note or seek judicial foreclosure of the property").

[52]See Defendant's Original Counterclaim, Docket Entry No. 12, p. 4 ¶ 8; Defendant's Motion, Docket Entry No. 31, pp. 12-14.

fact regarding whether the statute of limitations for its foreclosure claim has expired.[53] Accordingly, Defendant's Motion for Summary Judgment (Docket Entry No. 31) is **GRANTED**, and Plaintiff's Cross Motion for Summary Judgment and Response to Defendant's Motion for Summary Judgment (Docket Entry No. 34) is **DENIED**.

**SIGNED** at Houston, Texas, on this 10th day of February, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[53]Wheeler seeks a declaratory judgment. See Amended Complaint, Docket Entry No. 20, p. 5. Wheeler's arguments rely on her statute of limitations claim. "Both Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief." Val-Com Acquisitions Trust v. CitiMortgage, Inc., 421 F. App'x 398, 400 (5th Cir. 2011) (citing Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995)); see also Conrad v. SIB Mortg. Corp., No. 4:14-CV-915-A, 2015 WL 1026159, at *7 (N.D. Tex. March 6, 2015) ("A declaratory judgment action requires the parties to litigate some underlying claim or cause of action."); Elekes v. Wells Fargo Bank, N.A., No. 5:13-CV-89, 2014 WL 2700686 (S.D. Tex. June 11, 2014) ("Declaratory judgment is merely a form of relief that the Court may grant; it is not a substantive cause of action."). Because Plaintiff's claims will be dismissed, her request for declaratory relief has no merit. Wheeler also argues she is "entitled to quiet title because expiration of the four-year statute of limitations renders Defendant's purported lien void." Plaintiff's Motion, Docket Entry No. 34, p. 6 ¶ 24. Because the court holds today that the statute of limitations has not expired, this claim likewise has no merit.